IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Richmond L. Halls**, | ) | C/A 2:12-2120-CWH-BM |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Office of the United States Trustee**, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This is a pro se appeal of an order of the United States Bankruptcy Court for the District of South Carolina converting Plaintiff's Chapter 11 bankruptcy case to a Chapter 7 case. In re: Richmond L. Halls, C. A. No. 11-6320-JW (D.S.C.). This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1), which grants District Courts jurisdiction to hear appeals from final judgments, orders, and decrees of Bankruptcy Judges. The Bankruptcy Court's order converting Plaintiff's Chapter 11 case to a Chapter 7 case is immediately appealable as either a final order or under the collateral order doctrine. In re Rosson, 545 F.3d 764, 770 (9th Cir. 2008); In re Fraidin, No. 95-2922, 1997 WL 153826, at * 1 (4th Cir. Apr. 3, 1997); In re Fleurantin, 420 Fed.Appx. 194, at ** 2 (3d Cir. 201). On appeal, the District Court reviews the Bankruptcy Court's findings of fact for clear error, and its legal conclusions de novo. In re: Merry-Go-Round Enterprises, Inc., 400 F.3d 219, 244 (4th Cir. 2005).



The record before the Court reflects that Appellate filed for reorganization under Chapter 11 of the Bankruptcy Code on October 10, 2011. A Chapter 11 reorganization requires that the debtor provide creditors with a disclosure statement containing "adequate information" sufficient to allow a creditor to make an informed judgement about the viability of the debtor's reorganization plan. These disclosure statements must be approved by the Bankruptcy Court. 11 U.S.C. § 1125(b). However, the record reflects that schedules and statements provided by Appellate in his case under penalty of perjury did not properly value a business he owned in Georgia (Halls of Cross, LLC), or provide accurate information concerning an entity known as R&C Trucking. The record also reflects that Appellant failed to disclose his ownership of a twenty-four (24) acre tract of undeveloped land in Berkeley County, South Carolina. See generally, Court Docket No. 3, Exhibits C and D; Court Docket No. 4, Exhibit G; Court Docket Nos. 5 and 6, and Attachment 1; Excerpts of Records (ER) filed by the United States Trustee, at pp. 9-10, 13-14, 16-18, and 20-21; UST Exhibit I admitted 4/17/12.

Appellant initially stated that Halls of Cross, LLC had no value, when in fact that company had assets the Appellant did not disclose. See Court Docket No. 3, Exhibit C [Schedule B (Personal Property) Item 13]; Court Docket No. 3, Exhibit D; UST Exhibit I; ER at pp. 9-10, 14; Court Docket No. 4, pp. 7-9, 21-24, 30-47. With respect to R&C Trucking, Appellate initially failed to disclose his ownership interest in this company or any income from this company, when in fact Appellant had extensive involvement in the operation of that entity and had received income from that entity. See Court Docket No. 3, Exhibits C and D; UST Exhibit I; Court Docket No. 4, Exhibit G, pp. 7, 12-18, 25-30, 33-47; Court Docket No. 5; ER at pp. 9, 13. With respect to the twenty-four



(24) acre tract of land in Berkeley County, South Carolina, the record reflects that the Appellant initially failed to disclose his ownership of this tract of land, on which there are no liens, and only included his ownership interest in this property in his filings after the United States Trustee's Office discovered its existence.  See Court Docket No. 3, Exhibits C and D.

On February 24, 2012, the United States Trustee filed a motion to convert Appellant's case to a Chapter 7 proceeding pursuant to 11 U.S.C. § 1112(b), due to Appellant's failure to disclose assets and untruthful statements regarding his assets, income and business affairs. Section 1112(b)(1) provides that a bankruptcy court must convert a Chapter 11 case to one under Chapter 7 or dismiss the case, whichever is in the best interest of creditors in the bankruptcy estate, if the movant establishes "cause" to do so.  Conversion to Chapter 7 allows the Chapter 7 Trustee to then investigate and determine whether there are assets to be administered for the benefit of creditors. At the hearing held on the United States Trustee's motion, Appellant (through counsel) did not dispute that there had been some misrepresentations in his filings and statements.  Appellant himself did not testify at this hearing, even though he was present.  ER, at pp. 17, 22, 24, 27.  The Bankruptcy Court granted the United States Trustee's motion to convert the case, noting that the evidence before the court indicated "a substantial number of discrepancies and misrepresentations, and they amount to cause to convert or dismiss the case".  ER, at p. 25, 28-29.  The Court further found that Appellant had failed to file his reorganization plan by the deadline, and that the lack of a timely plan was also a basis for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(J).  See also 11 U.S.C. § § 1123 (establishing requirement for the content of a reorganization plan), 1126 (requiring creditor acceptance of a plan), 1129 (establishing requirement for the Bankruptcy Court to confirm a plan); see South Carolina Local Bankruptcy Rule (SCLDR) 3016-1(a) [Providing that,



unless otherwise ordered by the Court, a disclosure statement and plan of reorganization shall be filed no later than one hundred and eighty (180) days after entry of the order for relief].

Following entry of the conversion order, Appellant filed a motion to reconsider, on which Appellant was granted a hearing. Appellant testified at this hearing, and essentially apologized for what had happened and stated that he "wasn't paying attention". ER(2), at p. 30. At the conclusion of the hearing, the Bankruptcy Court denied the motion for reconsideration. ER(2), at pp. 35-37. The Bankruptcy Court's final order converting the case to Chapter 7 was entered on April 25, 2012, following which Appellant timely filed his notice of Appeal pursuant to 28 U.S.C. § §158(a) and (c)(2) and Fed.R.Bankr.P. 8002.

In his appeal, Appellant complains that his retained attorney failed to advise the Court that he and his wife are estranged and that they should have entitlement to a house to live in, that he should be allowed to maintain and reside in the property at 110 Amber Road without foreclosure, that property in Lithonia, Georgia should be excluded from his bankruptcy proceeding so that he can sell it at the highest appraised value to pay creditors, and that he should be allowed to retain property in Eutawville, South Carolina, described as rental property, in order that he may reside there and also use funds from that property to pay creditors. See Notice of Filing and Briefing for Bankruptcy Appeal (Court Docket No. 13). In a second filing submitted October 12, 2012, Appellant again complains about the conduct of retained counsel in this bankruptcy case, states that he did not commit fraud nor did he engage in fraudulent activities, and requests the right and ability to sell property "as buyers are willing, ready and able to purchase Monks (sic) Corner property". See Request for Expungement for Fraudulent Accusations (Court Docket No. 19).

After careful review and consideration of the record before the Court, the undersigned



does not find that the Bankruptcy Court abused its discretion in converting Appellant's case to a Chapter 7 proceeding. In order to convert a case from Chapter 11 to Chapter 7, a Bankruptcy Court must determine whether there is cause for the conversion. 11 U.S.C. § 1112(b); Fraidin, 1997 WL 153826, at * 2. The Bankruptcy Court has broad discretion in determining what may constitute cause for the dismissal or conversion of a case. Loop Corp. v. U. S. Trustee, 379 F.3d 511, 516 (8th Cir. 2004); see also Toibb v. Radloff, 501 U.S. 157, 165 (1991). Here, the record before the Court on appeal shows that Appellate both failed to properly disclose his assets and income, and failed to timely obtain approval of a reorganization plan. See discussion, supra. The Bankruptcy Court found these facts constituted cause to grant movant's motion to convert the case. ER, pp. 25, 28-29. The record further reflects that Appellate was provided two separate hearings to contest the Court's findings, and that Appellant was provided ample opportunity to make his case. However, the Bankruptcy Court found that Appellant had failed to establish a basis for allowing the case to proceed under Chapter 11, and that the interests of the creditors in the estate supported conversion of the case to Chapter 7. ER, p. 28; ER(2), pp. 35-37; see Fraiden, 1997 WL 153826, at * 2 ["Once cause is established, the decision of whether to convert is left to the discretion of the bankruptcy court based upon the best interest of the estate and the creditors"]. No creditors opposed conversion, which allows the Chapter 7 trustee to investigate and determine whether there are assets to be administered for the benefit of creditors.

      The undersigned can find no clear error in the Bankruptcy Court's findings of fact, nor any reversible error of law. In re: Green, 934 F.2d 568, 570 (4th Cir. 1991) [Findings of fact are clearly erroneous only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed"]; Merry-Go-Round Enterprises, 400 F.3d at 226 [same]; cf. In re:



Canion, 129 B.R. 465 (Bankr. S.D.Tex. 1989) [Converting case from Chapter 11 to Chapter 7 where the debtor failed to accurately disclose assets and income to the Court in his filing]; In re: Sanders, No. 09-9094, 2010 WL 5136192, at * 4 (Bankr. D.S.C. Apr. 29, 2010) [Finding that Debtor's failure to timely file accurate and complete schedules and statements justified conversion]. Therefore, the Bankruptcy Court did not abuse its discretion in converting Appellant's case to a Chapter 7 proceeding, and it is recommended that the Order of Conversion be **affirmed**, and that this appeal be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 21, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

