IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Richmond L. Halls, | ) | Civil Action No.: 2:12-02120-CWH |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Office of the United States Trustee, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      Richmond L. Halls ("Halls") timely filed an appeal of an order of the United States Bankruptcy Court for the District of South Carolina which had converted Halls' Chapter 11 bankruptcy case to a Chapter 7 case. In re Richmond L. Halls, C. A. No. 11-6320-JW (D.S.C. 2012). As Halls was proceeding pro se, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C. On December 21, 2012, the magistrate judge issued an R&R recommending that the Bankruptcy Court's order of conversion be affirmed, and that this appeal be dismissed. (ECF No. 21). The magistrate judge specifically advised Halls of the procedures and requirements for filing objections to the R&R and the serious consequences if he failed to do so. Halls has filed no objections, and the time for doing so has expired.

      The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may "accept, reject, or modify, in whole or in part," the recommendation made by the magistrate judge or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). The Court is charged with making a

de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citation omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

The Court has reviewed the record of this matter, the applicable law, and the R&R of the magistrate judge, and agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the R&R (ECF No. 21) by reference in this Order. Halls' motion, captioned as a "Request for Expungement for Fraudulent Accusations," (ECF No. 19) is denied, the Bankruptcy Court's Order of Conversion is affirmed, and Halls' appeal is dismissed.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

January 22, 2013
Charleston, South Carolina

